The Honorable Gilda H. Lambert Secretary of Administration Department of Administration 435 Carlton Building Tallahassee, Florida 32301
Dear Secretary Lambert:
This is in response to your request for an opinion on substantially the following question:
 ARE STATE EMPLOYEES WHO ARE SPOUSES OF OTHER STATE EMPLOYEES PARTICIPATING IN THE STATE HEALTH INSURANCE PLAN ENTITLED TO RECEIVE THE STATE CONTRIBUTION OF THE INSURANCE PREMIUM FOR FAMILY COVERAGE?
Rules of the Department of Administration presently provide that when the spouse of a participant in the state group health insurance plan is also a state officer, full-time employee, or part-time employee, the spouse shall also receive the state contribution for the payment of the insurance premium. Rule 22K-1.22, F.A.C. (1984 Supp.). In AGO 72-318 this office concluded that under the statutes at that time which authorized state agencies to pay from funds available for such purpose 75 percent of the cost of individual coverage of each officer or employee participating in the state group insurance program, s. 112.075(7), F.S. 1972, "the legislature intended that state employees who are husband and wife and who elect to participate in the state's group insurance program under a family plan rather than under separate contracts should each receive the benefit of the state's contribution toward the cost of the insurance coverage." However, in view of the extensive statutory amendments relating to the state group insurance program, you question whether there is presently sufficient statutory authority to continue the spouse program.
According to your letter, after the rendition of the 1972 Attorney General Opinion, the State Group Health Plan instituted what is known as the spouse program, pursuant to which "a qualified officer or employee whose spouse is also eligible to participate in the plan may receive the state contribution authorized by the Appropriations Act both for himself and his spouse if both are covered in the Plan by a family coverage policy or certificate." In 1979, the law dealing with the state's health insurance programs was extensively amended. See, Ch. 79-190, Laws of Florida, entitled the "State Group Insurance Program Law," and presently codified at s. 110.123, F.S. (1984 Supp.). Section110.123(2)(f) defines "[s]tate group health insurance plans" to mean "the health insurance plans offered to state officers and employees, retired state officers and employees and surviving spouses of deceased state officers and employees pursuant to this section." See, s. 110.123(3)(a) providing, in pertinent part, that there is established the state group insurance program which may include, among others, the state group health insurance plan, and authorizing the Department of Administration "to establish and provide as part of the state group insurance program any other group insurance plan which is consistent with the provisions of this section." Subsection (5) vests the Secretary of Administration with the responsibility for the administration of the state group insurance program. To implement this program, the department shall, subject to legislative approval, determine the benefits to be provided and the contributions to be required for the state group insurance program. Section 110.123(5)(a). Subsection (5)(d) authorizes the department to "[p]romulgate such rules as may be necessary to perform its responsibilities." See, subsection (7) of Rule 22K-1.22, F.A.C. (1984 Supp.), providing that when the spouse of a participant in the health plan is also a state officer, full-time employee, or part-time employee, the spouse shall also receive the state contribution.
Legislative authorization for the payment by a state agency of any part of the premium cost of participation in the state group health insurance plans is provided through the appropriations process. See, s. 110.123(4)(a), F.S. See, e.g., the General Appropriations Act for 1985-1986, Ch. 85-119, s. 5(3), Laws of Florida, stating that "[f]unds are provided in each agency's budget to continue paying the State's share of State Group Health Self-Insurance Premiums and approved Health Maintenance Organization premiums at the 1984-85 level." That appropriations item further provides: "Additionally, recommended changes listed by the Department of Administration in its March 20, 1985 Report entitled `Addendum to the Report on the State Employee Group Health Self-Insurance Plan' are approved for implementation as described in the report." The report at p. 6 lists the types of health insurance coverages provided, including the family coverage where both spouses are state officers or employees, and the monthly premiums and contributions paid.
Reviewing the amended provisions of s. 110.123, F.S. (1984 Supp.) and the current appropriations act, Ch. 85-119, Laws of Florida, I discern no statutory amendments which evince a legislative intent to change the department's health insurance and health maintenance organization plan and programs provided. Therefore, this office continues to be of the view that state agencies are authorized to contribute toward the cost of a premium of a spouse, as provided in the current appropriations act, in a family plan when the spouse is also a state officer, full-time employee, or part-time employee.
In conclusion, I am of the opinion that the Department of Administration is authorized to continue its family health insurance coverage whereby married state employees who elect to participate in the program are each entitled to receive the benefit of the state's contribution toward the cost of insurance.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General